IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE C. VARGAS AND MARIA GARCIA VARGAS | § § § | |
| VS. | § § § | C.A. NO._____7:22-cv-219_____ |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR PARK PLACE SECURITIES INC. ASSET-BACKED-PASS THROUGH CERTIFICATES, SERIES 2205-WWCWI | § § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant, Wells Fargo Bank, N.A. as Trustee, for Park Place Securities Inc., Asset-Backed Pass-Through Certificates, Series 2205-WWCWI ("**Trustee**" or "**Defendant**") through undersigned counsel, hereby removes this case from the 464th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.  Defendant denies the allegations in the Complaint, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I.    INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.    On June 30, 2022, Plaintiffs, Jose and Maria Vargas ("**Plaintiffs**") commenced this action by filing Plaintiff's Application for Restraining Order, Cause No. C-2496-22-L in the 464th Judicial District Court of Hidalgo County, Texas (the "**State Court Action**").[1]  On July 1, 2022 Plaintiffs filed their First Amended Application for Restraining Order (the "**Complaint**").[2]

---

[1]    See Exhibit C-1.
[2]    See Complaint at Exhibit C-2.

On July 5, 2022 Plaintiffs obtained an ex parte temporary restraining order that sought to preclude Defendant from conducting a foreclosure sale on the property at issue.[3]

2.      Defendant filed an answer to the Complaint on July 11, 2022 in the State Court Action.[4]  Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of service on Defendant of the initial state court pleading.

## II.      PLEADINGS AND NOTICE TO STATE COURT

3.      True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III.      STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4.      This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[5]  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for Diversity of Citizenship.

---

[3]     See TRO, Exhibit C-3.
[4]     See Defendants' Answer, Exhibit C-4.
[5]     28 U.S.C. §1332(a)(1).

## IV.     DIVERSITY JURISDICTION

### A.     Citizenship of the Parties

5.       This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas in that they reside in and is domiciled in the state of Texas.[6]

6.       Defendant, Trustee, is the trustee of a traditional trust.   When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[7] Wells Fargo Bank, N.A. is a national banking association, organized and existing under the laws of the United States.   A national bank, for diversity purposes, "is a citizen of the State in which its main office as set forth in its articles of association is located."[8]   Under its articles of association, Wells Fargo's main office is located in South Dakota.   Therefore, Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.[9]

7.       Since Plaintiffs are citizens of Texas and Defendant is a citizen of a state other than Texas, complete diversity of citizenship exists.[10]

### B.     Amount in Controversy

8.       This case places an amount in controversy that exceeds the $75,000 threshold.   A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[11]   Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[12]

---

[6]     See Complaint at ¶2.
[7]     *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[8]     *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).
[9]     28 U.S.C. § 1348: *Wachovia Bank*, 546 U.S. at 318.
[10]    *See* 28 U.S.C. § 1332(c)(1).
[11]    *See* 28 U.S.C. §1441(a).
[12]    *See* 28 U.S.C. §1332(a).

20060161.20220385/4372888.1

9.      When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[13]  If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[14]  The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[15]  In this instance, Plaintiffs' Complaint makes it facially apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seek temporary and permanent injunctive relief that would preclude Defendant from conducting a foreclosure sale on the collateral securing the subject loan and the value of the property exceeds $75,000.00.

10.     In addition to unspecified actual damages, the filing of the present suit seeks to stop a foreclosure attempt by Defendant on property known as:

> LOT THREE HUNDRED TEN (310), TIERRA LINDA SUBDIVISION, AN ADDITION TO THE CITY OF PALMVIEW, HIDALGO COUNTY, TEXAS AS PER MAP OR PLAT THEREOF RECORDED IN VOLUME 23, PAGES 11-12, MAP RECORDS, HIDALGO COUNTY, TEXAS located at 915 Durango Street, Mission, Texas 78572 (the "Property").[16]

11.     The value of the Property according to the Hidalgo County Appraisal District for 2022 is no less than $342,626.00.  *See* Exhibit D.

12.     As Plaintiffs reference in their Complaint, they seek injunctive relief seeking to preclude Defendant from foreclosing on the Property.[17]

---

[13]   *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[14]   *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[15]   *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[16]   See Complaint at ¶ 4-6, and TRO.
[17]   See Complaint and TRO.

20060161.20220385/4372888.1

13.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[18]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[19]  Plaintiffs seek relief which has and will continue to preclude enforcement of the contractual loan obligations and Defendant's right to foreclose on and take possession of the subject property.

14.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[20]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[21]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[22]  The value of the subject property and therefore the amount in controversy in this instance for diversity purposes is no less than $342,626.00 per the records of the Hidalgo County Appraisal District for 2022.  *See* Exhibit D.  The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.     JURY DEMAND

15.     Plaintiffs have not made any known jury demand in the State Court Action.

## VI.     CONCLUSION

16.     For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, McAllen Division.

---

[18]   *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

[19]   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).

[20]   W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

[21]   *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F. 2d 727 (5th Cir. 1983).

[22]   *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

20060161.20220385/4372888.1

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    (713) 220-9182 Telephone
    (713) 223-9319 Facsimile
    mhord@hirschwest.com
    emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On this 11th day of July, 2022, I hereby certify that a true and correct copy of the foregoing Notice of Removal was served as follows:

Jesus Villalobos
Villalobos and Villalobos, P.C.
8701 N. 23rd Street
McAllen, Texas 78504
**ECF and Email**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

6